MARK G. STALLMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stallman v. Commissioner
Docket No. 16009-90
United States Tax Court
T.C. Memo 1991-622; 1991 Tax Ct. Memo LEXIS 670; 62 T.C.M. (CCH) 1544; T.C.M. (RIA) 91622; December 16, 1991, Filed *670 Steven B. Wolf and Albert L. Grasso, for the petitioner. *
Donna C. Hansberry, for the respondent. PARKER, Judge. PARKER MEMORANDUM OPINION By statutory notice of deficiency dated April 13, 1990, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1986 in the amount of $ 29,188 and additions to the tax as follows: Sec. 6653(a)(1)(A)
Sec. 6653(b)(1)(A)
Sec. 6661
$ 858 *
$ 9,024 **
$ 7,297
*671 Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year involved in this case, and all Rule references are to the Tax Court Rules of Practice and Procedure. By notice setting case for trial, dated April 30, 1991, this case was calendared for trial during the trial session of the Tax Court in Chicago, Illinois, commencing September 30,1991. After the case was calendared for trial, respondent attempted to obtain documents and information through informal consultation or communication, as required by the Court's rules and procedures. Rule 70(a)(1); ; ; . That informal effort to attain the objectives of discovery having failed, respondent filed a motion to compel production of documents and a motion to compel answers to interrogatories, each such motion also seeking imposition of sanctions under Rule 104(b) and (c) if petitioner failed to comply. The Court granted both motions and ordered production *672 of documents and answers to interrogatories on or before September 13, 1991. However, the Court deferred action on that portion of the motions seeking sanctions until the calendar call of the trial session on September 30, 1991, but warned petitioner that such sanctions could include dismissal of the case with decision entered against petitioner for the full amount of the deficiency and additions set out in the statutory notice of deficiency. Petitioner did not comply with the Court's discovery orders. At the calendar call, the case was set for trial on October 7, 1991. When the case was called for trial on October 7, 1991, petitioner failed to appear, and petitioner's counsel moved to withdraw as counsel for petitioner. Petitioner's counsel recited petitioner's failure to communicate and meet with them and attached to their motion copies of their letters to their client, imploring his cooperation in trial preparation and warning him that the court might well dismiss his case for his failure to respond to repeated requests for documents and information. Petitioner's counsel also furnished the court with a copy of a letter petitioner had faxed to them the morning of the trial, *673 a letter reading "Please be advise, you are instructed to dismiss my case with prejudice this morning." Petitioner's counsel advised the Court that petitioner understood that if his case was dismissed, decision would be entered against him in accordance with the statutory notice of deficiency. The Court granted the motion of counsel to withdraw from the case. The issues in this case are purely factual and involve primarily certain Schedule C expenses that respondent contends are overstated and certain charitable contributions allegedly made to the Cathedral of Divine Love Church that respondent disallowed. Also involved are negligence additions under section 6653(a) attributable to the Schedule C adjustments, the substantial understatement addition under section 6661, and the fraud addition under section 6653(b) attributable to the charitable contributions allegedly made to the Cathedral of Divine Love Church. Petitioner has the burden of proof as to the deficiency and the additions to tax for negligence and substantial understatement of tax liability; respondent has the burden of proof as the fraud attributable to the charitable contributions. Rule 142(a) and (b); sec. 7454(a). *674 However, regardless of burden of proof, a default may be entered against petitioner under Rule 123(a) for both the deficiency and the various additions to tax, including the fraud addition. , affd. ; . See also . Here petitioner failed to comply with discovery orders of this Court. He failed to appear at the trial, and he has effectively told this Court (through his fax to his counsel) that he will not contest the deficiency and the additions to tax. That is ample to establish a default in this case. . Moreover, the effect of a default is to establish the well-pleaded facts of the nondefaulting party. Thus, even as to the fraud addition, a default judgment is appropriate here since the pleadings set forth sufficient well-pleaded facts to support such a judgment. . Briefly summarized, those well-pleaded facts show that during *675 1986 petitioner was a self-employed physician. He was not a member of, nor did he attend services at, the Cathedral of Divine Love Church during 1986. He reported total charitable contributions of $ 34,375 on his return that year, a substantial portion of which was purportedly made to the Cathedral of Divine Love Church. In December of 1986 petitioner wrote three checks as follows: Check No.
Date
Amount
Payee
5969
12-04-86
$ 9,900
Cash
5970
12-04-86
9,900
Cathedral of Divine
Love Church
5975
12-30-86
9,900
Cathedral of Divine
Love Church
Check No. 5969 was cashed by petitioner, and the Cathedral of Divine Love Church did not receive that cash. Check No. 5970 was endorsed "Cathedral of Divine Love Church Rev. James Baker," was subsequently endorsed by petitioner, and on December 5, 1986, was deposited into petitioner's personal checking account. The Cathedral of Divine Love Church did not receive the proceeds of Check No. 5970. Check No. 5975 was endorsed by petitioner and on December 31, 1986, was deposited into his personal checking account. The Cathedral of Divine Love Church did not receive the proceeds of Check No. 5975. Petitioner presented the *676 above three checks to respondent during the audit to substantiate part of his claimed charitable contributions. Petitioner's writing checks to the Cathedral of Divine Love Church and redepositing said checks into his personal bank account was fraudulent and done with the intent to evade tax. Petitioner's presenting those checks to respondent during the audit was fraudulent and done with the intent to evade tax. A portion of petitioner's underpayment of tax for 1986 was due to fraud. Accordingly, the Court will enter a default judgment against petitioner for the full amount of the deficiency and additions to tax stated in the deficiency notice. An appropriate order and decision will be entered for respondent. Footnotes
*. When the case was called for trial, Messrs. Wolf and Grasso were permitted to withdraw as counsel for petitioner under the circumstances detailed in the opinion below.↩
*. The further addition under section 6653(a)(1)(B) is 50 percent of the interest with respect to the underpayment attributable to negligence. The negligence addition was applied to an underpayment of $ 17,156, which excluded that portion of the underpayment attributable to fraud. Sec. 6653(a)(2). ** The further addition under section 6653(b)(1)(B) is 50 percent of the interest with respect to that portion of the underpayment attributable to fraud. The fraud addition was applied to an underpayment of $ 12,032, which was the portion of the underpayment attributable to fraud.↩